HENRY W. SAGE and Others, Respondents, *v.* SHEPARD & MORSE LUMBER COMPANY, Appellant.

*Compulsory reference — long account — waiver of tort.*

When, in an action brought to recover an alleged balance due on a running account for lumber sold and delivered, and the value of other lumber alleged to have been obtained by the defendant at different dates and in different amounts, and retained by him, the tort is waived and the action is brought on the implied contract, and it appears that the plaintiff must establish, as a part of his case, the delivery of over 400 items of lumber, and the price or value thereof, and that no difficult questions of law are involved, a proper case for a compulsory reference is presented.

APPEAL by the defendant, the Shepard & Morse Lumber Company, from an order of the Supreme Court, made at Special Term on the plaintiff's motion and entered in the office of the clerk of Albany county on the 22d day of May, 1893, referring the action to a referee to hear and determine.

The complaint contains two causes of action. The first cause of action is for a balance of $5,083.63 due the plaintiffs from the defendant on a running account for lumber sold and delivered. It appeared by the affidavit of one of the plaintiffs that this account contains 147 items of charges made by the plaintiffs against the defendant, and 53 items of credit made by the plaintiffs.

The answer of the defendant admits the purchase of the lumber, but denies that it was worth the sum for which suit is brought, denies that it owes the plaintiffs any balance on the account, and alleges payment for all the lumber purchased.

The second cause of action sets up the obtaining possession by the defendant of certain lumber of the plaintiffs at various dates and in different amounts, worth in all $29,778.98, and the retention of the same by the defendant, and its failure to pay therefor, or for any part thereof, and its refusal to pay therefor. It further states that the plaintiffs waive the torts committed by the defendant in obtaining possession of said lumber, and bring this suit upon the contracts arising on the facts stated in this cause of action.

The defendant, as to this cause of action, denies generally each allegation, and alleges affirmatively that it has paid the plaintiffs for all the lumber which came into its possession belonging to them.

The affidavit of one of the plaintiffs showed that the account involved in the second cause of action contains 295 items of charge made by the plaintiffs against the defendant.

*Alpheus T. Bulkeley*, for the appellants.

*James Fenimore Cooper*, for the respondents.

PUTNAM, J.:

In this case we deem an opinion unnecessary.   Under the pleadings plaintiffs on the trial will be compelled to show the delivery of the various items of lumber for which the action was brought.   It is not denied that the account set out in the first cause of action in the complaint consists of 147 items, and in the second 295 items. Plaintiffs on the trial must establish, before resting, each of the items, showing the delivery of the lumber and the price at which the same was sold, or the value thereof.

It will not be practicable under the pleadings to try the question of the power of Abbot, and of defendant's knowledge of the limitations of that power, separately.   The question as to whether defendant had notice as to the power of Abbot, plaintiffs' salesman, is not, properly, an issue in the action.   The evidence given in that regard will bear on the real issue, the price at which the lumber was sold, or whether any price was agreed upon.

We do not think that difficult questions of law are involved in the case.   The questions to be tried are of fact.

As to the second cause of action in the complaint, plaintiffs having waived the tort, it is to be deemed a cause of action on contract, and referable.

Had defendant, in the answer, admitted the delivery to it of the several items of lumber set out in the complaint, averring that it purchased said lumber at a specified price, which had been paid, it may be that a reference should not have been directed.   As it is, plaintiffs, as a part of their case must show, before resting, the delivery of over 400 items of lumber, and the price or value thereof.

We think the order should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order affirmed, with costs and printing and other disbursements.